UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

CSX TRANSPORTATION, INC.                    *ELECTRONICALLY FILED*

        PLAINTIFF

                                   Civil Action No. 1:09cv-104-R

v.

NLB ENTERPRISES, LLC d/b/a
DIXIELAND EXPRESS CO., INC.

        SERVE:
        Secretary of State
        Registered Agent: Norma L. Bledsoe
        990 Bugscuffle Road
        Wartrace, TN 37183

ALBERT JOHNSON
4785 Fairforest Drive
Stone Mountain, GA 30088

        SERVE:
        Secretary of State

        DEFENDANTS

## COMPLAINT

\* \* \* \* \*

Comes the plaintiff, CSX Transportation, Inc., by counsel, and for its Complaint against defendant, NLB Enterprises, LLC d/b/a Dixieland Express, states as follows:

1.      At all times relevant herein, plaintiff, CSX Transportation, Inc. ("CSX"), was and is a corporation organized and existing under the laws of the Commonwealth of Virginia and maintains its principal place of business in Florida.  Plaintiff is engaged, among other things, as a transportation company providing rail transload services across the eastern United States.

2.     At all times relevant herein, defendant, NLB Enterprises, LLC d/b/a Dixieland Express Co., Inc. ("Dixieland Express"), was and is a trucking and transportation company engaged in the business of heavy hauling and the transporting of freight by truck or tractor-trailer.

3.     At all times relevant herein, defendant, Albert Johnson ("Johnson"), was and is a resident of the state of Georgia, an employee of NLB Enterprises, LLC and/or Dixieland Express Co., Inc., and was acting in the course and scope of his employment at the time of the accident which is the subject of this action.

4.     Jurisdiction in this Court is founded on diversity of citizenship pursuant to 28 U.S.C. §1332, as plaintiff and defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

5.     On or about August 10, 2007, CSX was properly and lawfully operating two of its locomotives, Locomotive 5412 and Locomotive 5425, on CSX's main line in Bowling Green, Kentucky towing approximately 73 rail cars which were loaded with automobiles (the "train").

6.     As the train approached the crossing at Louisville Road, the warning signal lights and bells at the crossing were properly functioning and the train engineer sounded the horn of the locomotive several times.  Despite adequate and sufficient warning of the approaching train to drivers of vehicles approaching the crossing, a tractor-trailer owned by Dixieland Express and operated by Johnson crossed the railroad tracks.  CSX was unable to avoid a collision and its Locomotive 5412 struck the trailer.

## COUNT ONE – NEGLIGENCE

7.    CSX restates, realleges and incorporates by reference as if fully set out herein each and every prior allegation.

8.    Defendant Johnson failed to exercise the ordinary care of a reasonably prudent person acting in the same or similar circumstances, and said negligence directly and proximately caused CSX to incur significant damages.

9.    Defendant Johnson was acting in the course and scope of his employment for Defendant Dixieland Express, which renders it vicariously liable for CSX's damages under the doctrine of *respondeat superior.*

10.    As a direct, proximate and foreseeable result of Defendant Johnson's negligence, Locomotive 5412 and one of the crossing signals were damaged, causing CSX to incur expenses to repair such property.

11.    As a further direct, proximate and foreseeable result of Defendant Johnson's negligence, rail traffic on CSX's main line was stopped for several hours while the accident site was cleared and the crossing signal repaired.  Consequently, the accident caused the subject train and at least ten other trains with multiple locomotives to be delayed in reaching their intended destinations and delivering their cargo, causing CSX to incur monetary damages.

12.    As a further direct, proximate and foreseeable result of Defendant Johnson's negligence, CSX sustained monetary damages due to the loss of use of the damaged locomotive from the date of the accident until it was repaired and placed back in operation.

## COUNT TWO

13. CSX restates, realleges and incorporates by reference as if fully set out herein each and every prior allegation.

14. Defendant Johnson's actions were grossly negligent and reflect a wanton and reckless disregard for the property of CSX, entitling CSX to recover punitive damages.

WHEREFORE, plaintiff, CSX Transportation, Inc., respectfully demands:

1. Judgment against defendants in such amount that will fully compensate plaintiff for its damages;

2. Judgment against Defendant Johnson for punitive damages;

3. Reimbursement for its costs expended herein, including reasonable attorney fees;

4. A jury trial; and

5. Any and all other relief to which plaintiff may appear entitled.

BOEHL STOPHER & GRAVES, LLP

/s/ Scott A. Davidson
Edward H. Stopher
Scott A. Davidson
AEGON Center, Suite 2300
400 West Market Street
Louisville, KY 40202
sdavidson@bsg-law.com
Phone: (502) 589-5980
Fax: (502) 561-9400
COUNSEL FOR PLAINTIFF

4